2007 UT 43

**Nicole H. CODE fka Nicole L. Handrahan, Petitioner,**

v.

**UTAH DEPARTMENT OF HEALTH and Utah School for the Deaf and Blind, Respondents.**

No. 20060372.

Supreme Court of Utah.

May 18, 2007.

Brad C. Smith, Benjamin C. Rasmussen, Ogden, for petitioner.

Mark L. Shurtleff, Att'y Gen., Debra J. Moore, J. Clifford Petersen, Reha Deal, Asst. Att'ys Gen., Salt Lake City, for respondents.

DURHAM, Chief Justice:

## BACKGROUND

¶ 1 Nicole Code filed a complaint against the Utah Department of Health and the Utah School for the Deaf and Blind (Defendants) alleging breach of contract and wrongful termination. Defendants filed a motion to dismiss pursuant to Utah Rule of Civil Procedure 12(b)(6). The district court issued a memorandum decision on January 10, 2005, which said, "For the reasons stated above, the Court dismisses the Plaintiff's claim." Defendants failed to prepare an order as required by rule 7(f)(2) of the Utah Rules of Civil Procedure. Therefore, Ms. Code, the nonprevailing party, provided an order for the district court to sign, which it did on February 25, 2005. The order dismissed Ms. Code's claims with prejudice.

¶ 2 Ms. Code appealed from the district court's ruling on March 8, 2005. The Utah Court of Appeals dismissed the case for lack of jurisdiction, concluding that the appeal was untimely. *Code v. Utah Dep't of Health*, 2003 UT App 113, ¶ 1, 133 P.3d 438. We granted certiorari to determine whether the court of appeals lacked jurisdiction to adjudicate the appeal, and now reverse. We have

jurisdiction pursuant to Utah Code section 78-2-2(3)(a), (5) (2002).

## ANALYSIS

▮▮ ¶ 3 "Whether appellate jurisdiction exists is a question of law which we review for correctness, giving no deference to the decision below." *Pledger v. Gillespie,* 1999 UT 54, ¶ 16, 982 P.2d 572.

▮▮ ¶ 4 "An appeal may be taken ... from all final orders and judgments," Utah R.App. P. 3(a), and "notice of appeal ... shall be filed ... within 30 days after the date of entry of the judgment or order appealed from," Utah R.App. P. 4(a). The issue presented in this case is whether Ms. Code filed her appeal within thirty days after the district court's final judgment. Such a determination turns on whether the memorandum decision issued by the court constituted the entry of final judgment and thus triggered the time for appeal or whether the order signed by the district court was the entry of final judgment for purposes of appeal. We hold that the order, and not the memorandum decision, constituted the district court's entry of judgment for appeal purposes. We therefore reverse and remand the case to the court of appeals for consideration of the appeal.

¶ 5 Rule 7(f)(2) of the Utah Rules of Civil Procedure provides that "[u]nless the court approves the proposed order submitted with an initial memorandum, or unless otherwise directed by the court, the prevailing party *shall,* within fifteen days after the court's decision, serve upon the other parties a proposed order in conformity with the court's decision" (emphasis added). This rule is clear; it requires a party to prepare and submit an order within fifteen days of a court's decision unless the court has approved a proposed order initially submitted or "unless otherwise directed by the court." Utah R. Civ. P. 7(f)(2) (2006). In the case before us, the district court did not sign a proposed order submitted with an initial memorandum. Likewise, the court did not

"otherwise direct[ ]" the prevailing party to refrain from submitting an order within fifteen days of its decision. The plain language of the rule requires an explicit direction if an order is not required by the court; it does not contemplate that the parties must engage in a guessing game to divine the court's intentions. Thus, in this case, Defendants, as the prevailing parties, were required to submit an order within fifteen days. They failed to follow the clear dictates of the rule. Ms. Code, obviously interested in finality for purposes of appeal, instead took the initiative and submitted a proposed order to trigger finality so that she could appeal the decision of the district court. The order submitted by Ms. Code and signed by the judge established finality, triggering the thirty-day period for the filing of an appeal. Ms. Code's notice of appeal was filed within thirty days of the court's order; accordingly, the court of appeals had jurisdiction to hear the appeal.

▮▮ ¶ 6 The plain language of rule 7(f)(2) does not permit overriding the requirement of an order by implication or inference. Either an order must be submitted by the prevailing party or the court must give the parties *explicit* direction that no order is required. We see no benefit to a system in which parties must guess, on a case-by-case basis, whether a judge's language in a memorandum decision "implie[s]," "invite[s]," or "contemplate[s]" further action by the parties. *See Code,* 2003 UT App 113, ¶ 4, 133 P.3d 438. Not only would such a system be unwise in practice, it is at odds with the express mandate of rule 7(f)(2). It is the district court's role to clearly direct that no order needs to be submitted; otherwise, an order is required.[1] A court should include this explicit direction whenever it intends a document—a memorandum decision, minute entry, or other document—to constitute its final action. Otherwise, rule 7(f)(2) requires the preparation and filing of an order to trigger finality for purposes of appeal.

▮▮ ¶ 7 If the prevailing party fails to submit an order within the fifteen-day period required by rule 7(f)(2), any party interested

---

1. Consequently, if the court does not explicitly direct that there is no need to submit an order and the prevailing party fails to submit an order, the appeal rights of the nonprevailing party will extend indefinitely.

in finality—generally, the nonprevailing party—may submit an order. This option is implicit in the rule, supports the judicial policy in favor of finality, and avoids traps for unwary litigants.

¶ 8 We recognize that this court has, on occasion, determined that finality supporting appellate jurisdiction exists by looking to the content and effect of a signed memorandum decision or minute entry. *Dove v. Cude*, 710 P.2d 170, 171 n. 1 (Utah 1985); *Cannon v. Keller*, 692 P.2d 740, 741 n. 1 (Utah 1984). In those cases, we suggested that when the ruling "constituted a resolution of the dispute" or "specifie[d] with certainty a final determination of the rights of the parties," appellate jurisdiction was proper. *Dove*, 710 P.2d at 171 n. 1; *Cannon*, 692 P.2d at 741 n. 1. Review of those cases makes clear that they resulted in the *preservation* of the appeal rights of the parties. While these cases remain good authority for that purpose, we decline to use their analysis to *bar* appeal rights, as the analysis of the court of appeals would do.

¶ 9 Our holding today is consistent with prior cases in which we have not found finality where a minute entry explicitly required the submission of an order, *Swenson Assoc. Architects v. State*, 889 P.2d 415, 417 (Utah 1994), and where a minute entry "did not purport to finally adjudicate the rights of the parties," *Hartford Accident & Indem. Co. v. Clegg*, 103 Utah 414, 135 P.2d 919, 922 (1943). Where rule 7(f)(2) requires that an order be filed, unless a court explicitly directs that no order needs to be submitted, no finality will be ascribed to a memorandum decision or minute entry for purposes of triggering the running of the time for appeal.

¶ 10 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.