2011 UT App 335

**Wade S. WINEGAR and Sandra Winegar, Plaintiffs and Appellants,**

v.

**SPRINGVILLE CITY, Defendant and Appellee.**

No. 20110640–CA.

Court of Appeals of Utah.

Oct. 6, 2011.

Todd S. Winegar, Salt Lake City; and Wade S. Winegar, Lehi, for Appellants.

Dennis C. Ferguson, Salt Lake City, for Appellee.

Before Judges DAVIS, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶1 Wade S. and Sandra Winegar appeal the district court's ruling and order entered on June 7, 2011. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal without prejudice.

¶2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶9, 5 P.3d 649. This court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶8. Previously, a signed minute entry could be considered to be a final, appealable order so long as it specified with certainty a final determination of the rights of the parties and was susceptible to enforcement. *See Dove v. Cude*, 710 P.2d 170, 171 (Utah 1985).

¶3 The Utah Supreme Court has determined that the prior framework for analyzing finality of a minute entry or order for purposes of appeal was unworkable. *See Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶30–36, 201 P.3d 966. After the supreme court's decision in *Giusti*, whenever the district court "intends any 'document' to constitute its final action," the court "must explicitly direct that no additional order is necessary." *Id.* ¶32. Otherwise, if the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure

requires the prevailing party to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶ 30. If the prevailing party does not prepare and file an order in accordance with rule 7(f)(2), the non-prevailing party must do so. *See id.* ¶ 38.

■ ¶ 4 Relying upon *Code v. Utah Dept. of Health,* 2007 UT 43, 162 P.3d 1097, Winegars argue that *Giusti* is not applicable where the parties agree that a decision is final, despite the fact that it was not entered in compliance with rule 7(f)(2), and the result is to "preserve appeal rights." This argument ignores the clear language of *Giusti,* in which the supreme court stated that "our broad holding in *Code* is inclusive of all final district court decisions, regardless of how they are styled" and that "the requirements of rule 7(f)(2) apply to every final decision issued by a district court, not just memorandum decisions or minute entries." *Giusti,* 2009 UT 2, ¶ 31, 201 P.3d 966. "It is the entry of the final order according to rule 7(f)(2) that triggers the appeal period." *Id.* ¶ 35. Noting that "[t]he strict application of rule 7(f)(2) supports the judicial policy favoring finality," the supreme court stated in *Giusti* that it took that "opportunity to clarify that the rule's requirements and the policy supporting the rule apply to all final decisions regardless of how they are styled." *Id.* ¶ 36. Accordingly, the supreme court stated,

> The rule is clear. A prevailing party *shall* prepare for entry a proposed order in conformity with the court's decision. There are only two exceptions to this mandate. First, if the court approves a proposed order that is submitted with an initial memorandum, then no additional order is necessary. Second, if the court directed that no additional order is necessary, then none is.

*Id.* ¶ 27.

¶ 5 The June 7, 2011 ruling and order does not satisfy the requirements of *Giusti.* The district court did not expressly state that the June 7, 2011 ruling and order was the final order of the court. Furthermore, neither party submitted a proposed final order that would satisfy the requirements set forth in rule 7(f)(2) of the Utah Rules of Civil Procedure and *Giusti. See id.* Thus, the June 7, 2011 ruling and order is not final for purposes of appeal, and this court lacks jurisdiction to consider the appeal. *See Bradbury,* 2000 UT 50, ¶ 9, 5 P.3d 649. When this court lacks jurisdiction, we have only the authority to dismiss the appeal. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 6 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal after the entry of a final appealable order.