*This opinion is subject to revision before final publication in the Pacific Reporter*

**2013 UT 13**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

CENTRAL UTAH WATER CONSERVANCY DISTRICT,
*Plaintiff and Respondent,*

*v.*

SHANE KING,
*Defendant and Petitioner.*

No. 20110618
Filed March 8, 2013

On Certiorari to the Utah Court of Appeals

Eighth District, Duchesne
The Honorable Edwin T. Peterson
No. 060800063

Attorneys:

Perrin R. Love, Wendy Bowden Crowther, Joseph D. Kesler,
Salt Lake City, for respondent

Robert G. Cummings, Gordon A. Madsen,
Salt Lake City, for petitioner

JUSTICE PARRISH authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING,
JUSTICE DURHAM, and JUSTICE LEE joined.

JUSTICE PARRISH, opinion of the Court:

### INTRODUCTION

¶1 This case presents the issue of whether petitioner, Shane King, properly appealed after the district court entered an order denying his motion for a new trial. The court of appeals dismissed Mr. King's appeal based on lack of appellate jurisdiction. It held that under rule 7(f)(2) of the Utah Rules of Civil Procedure and our decision in *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, Mr. King's appeal was not ripe because it was not taken from a final, appealable order. Mr. King argues that the district court's order was sufficiently final to trigger the appeal period under rule 7(f)(2). He additionally argues that our holding in *Giusti* is inapplicable because he seeks only to preserve, rather than to bar, appellate

jurisdiction. Respondent, Central Utah Water Conservancy District (District), does not take a position on the issue.

¶2     Because the district court's order was not a final, appealable order under rule 7(f)(2), we hold that Mr. King's appeal was premature and that the court of appeals therefore correctly dismissed it without prejudice.

## BACKGROUND

¶3     On April 20, 2006, the District filed an action to condemn six waterfront lots owned by Mr. King. The District appraised the value of the lots at $28,400. Based on the appraisal and negotiations with Mr. King, the District offered $48,600 for the lots. Mr. King did not accept the offer. When negotiations reached an impasse, the District instituted the underlying condemnation proceeding.

¶4     The condemnation action was tried to a jury solely on the issue of valuation. The jury returned a verdict for Mr. King in the amount of $56,100, plus statutory interest on a portion of the judgment. On November 22, 2010, Mr. King filed a motion for a new trial. On February 8, 2011, after considering the motion, the district court prepared, signed, and filed an order entitled "RULING AND ORDER ON DEFENDANT'S MOTION FOR A NEW TRIAL," (Ruling and Order) denying Mr. King's motion.

¶5     Mr. King filed a notice of appeal on March 9, 2011, less than thirty days after the entry of the district court's Ruling and Order. Pursuant to rule 42(a) of the Utah Rules of Appellate Procedure, we transferred the appeal to the court of appeals. On April 11, 2011, the court of appeals filed a sua sponte motion for summary disposition and subsequently issued a per curiam opinion dismissing Mr. King's appeal without prejudice "based upon lack of jurisdiction due to the absence of a final, appealable order." *Cent. Utah Water Conservancy Dist. v. King*, 2011 UT App 200, ¶ 1, 258 P.3d 633 (per curiam).

¶6     We granted certiorari on the sole issue of "[w]hether the [c]ourt of [a]ppeals erred in dismissing [Mr. King]'s appeal without prejudice on the ground [that] the order denying [the] motion for new trial did not satisfy the requirements of [our] decision in *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, and rule 7(f)(2) of the [Utah] Rules of Civil Procedure."

¶7     We have jurisdiction pursuant to section 78A-3-102(3)(a) of the Utah Code.

**STANDARD OF REVIEW**

¶8    "Whether appellate jurisdiction exists is a question of law which we review for correctness, giving no deference to the decision below." *Pledger v. Gillespie*, 1999 UT 54, ¶ 16, 982 P.2d 572.

**ANALYSIS**

**I.  RULE 7(f)(2) OF THE UTAH RULES OF CIVIL PROCEDURE AND RULE 4(c) OF THE RULES OF APPELLATE PROCEDURE SPECIFY THE PROCEDURAL REQUIREMENTS FOR APPELLATE JURISDICTION**

¶9    A party may appeal only from a final, appealable order. UTAH R. APP. P. 3(a).  Rule 7(f)(2) of the Utah Rules of Civil Procedure specifies the point at which a district court's decision becomes final, triggering the appeal period.  The rule is designed to "prevent[] the confusion that often leads—as it has here—to additional litigation when parties are left to divine when a court's decision has triggered the appeal period."  *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 36, 201 P.3d 966. Rule 7(f)(2) provides that "[u]nless the [district] court approves the proposed order submitted with an initial memorandum, or unless otherwise directed by the court, the prevailing party shall, within fifteen days after the court's decision, serve upon the other parties a proposed order in conformity with the court's decision."

¶10    The plain language of rule 7(f)(2) makes clear that the rule is a mandatory prerequisite to appellate jurisdiction.  Under rule 7(f)(2), the default provision is that the "prevailing party *shall* . . . serve upon the other parties a proposed order in conformity with the court's decision."  *Id.* (emphasis added).  This default provision applies "unless" the district court approves the proposed order submitted with a party's initial memorandum or when the district court explicitly directs that no additional order is required.  *Id.*  Rule 7(f)(2) therefore provides district courts with the flexibility to finalize their decisions depending on the cases before them.

¶11    A companion to rule 7(f)(2), rule 4(c) of the Utah Rules of Appellate Procedure, allows a party to save a prematurely-filed notice of appeal.  Rule 4(c) states that "[a] notice of appeal filed after the announcement of a decision, judgment, or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof."  Under rule 4(c), a party may file its notice of appeal *before* the entry of the court's final order. *See, e.g., Nielson v. Gurley*, 888 P.2d 130, 133 (1994).  However, such a  notice is not

treated as filed until *after* the entry of the final order in accordance with rule 7(f)(2). *See id.* Though rule 4(c) offers a safe harbor for prematurely-filed notices of appeal, it nonetheless "requires the preparation and filing of an order to trigger finality for purposes of appeal" absent a district court's explicit direction that no such order is necessary. *Code v. Utah Dep't of Health*, 2007 UT 43, ¶ 6, 162 P.3d 1097.

## II. RULE 7(f)(2) APPLIES TO ALL FINAL JUDGMENTS

¶12　In *Code v. Utah Department of Health*, we faced the issue of whether a district court's final disposition contained in a memorandum decision needed to comply with rule 7(f)(2). 2007 UT 43, ¶¶ 1–2, 162 P.3d 1097. We held that rule 7(f)(2) applies to memorandum decisions and minute entries. *Id.* ¶ 9. We stated that "[w]here rule 7(f)(2) requires that an order [submitted by a party] be filed, unless a court explicitly directs that no order needs to be submitted, no finality will be ascribed to a memorandum decision or minute entry for purposes of triggering the running of the time for appeal." *Id.*

¶13　Despite our intention to ensure the uniform application of rule 7(f)(2), our statements in paragraph eight of *Code* muddied the waters. In dicta, we noted that we had, "on occasion, determined that finality supporting appellate jurisdiction exists by looking to the content and effect of a signed memorandum decision or minute entry . . . [when] they resulted in the *preservation* of the appeal rights of the parties." *Id.* ¶ 8. We cited *Dove v. Cude*, 710 P.2d 170 (Utah 1985), and *Cannon v. Keller*, 692 P.2d 740 (Utah 1984), as examples of such situations.

¶14　Two years later, in *Giusti v. Sterling Wentworth Corp.*, we stated that "our broad holding in *Code* is inclusive of *all* final district court decisions, regardless of how they are styled." 2009 UT 2, ¶ 32, 201 P.3d 966. Because "[r]ule 7(f)(2) applies to every final decision issued by a district court[,]" we did not draw a distinction between those instances where the application of rule 7(f)(2) was used to preserve appellate jurisdiction and those where it was denied. *Id.* ¶ 38. Indeed, such a distinction does not "support[] the judicial policy favoring finality" and only creates uncertainty in determining the beginning of the appeal period. *Id.* ¶ 36.

¶15　Because our decision in *Giusti* did not explicitly disavow the distinction we recognized in *Code* between preserving and denying appellate jurisdiction, we now clarify the necessity of compliance

with rule 7(f)(2) and reiterate that the rule applies to *all* final decisions of a district court. In other words, rule 7(f)(2) applies whether a party seeks to preserve or deny appellate jurisdiction. In either case, the appeal period begins only after one of three events occurs: (1) the court approves an order submitted with an initial memorandum; (2) the court enters an order prepared by counsel and served on opposing counsel pursuant to rule 7(f)(2); or (3) the court explicitly directs that no additional order is necessary.

¶16   To the extent that our holdings in *Dove*, 710 P.2d 170, and *Cannon*, 692 P.2d 740, do not abide by the bright-line standard articulated in rule 7(f)(2), we overrule those cases. Further, the distinction between preserving and denying appellate jurisdiction that we recognized in paragraph eight of *Code* does not provide a basis for excusing compliance with rule 7(f)(2).

### III. MR. KING'S APPEAL WAS NOT RIPE BECAUSE THE DISTRICT COURT'S RULING AND ORDER WAS NEITHER FINAL NOR APPEALABLE

¶17   The factual situation now before us is analogous to those presented in *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, and *Code v. Utah Dep't of Health*, 2007 UT 43, 162 P.3d 1097. Our decision therefore mirrors our reasoning in those cases. In both *Giusti*, 2009 UT 2, ¶¶ 37–38, and *Code*, 2007 UT 43, ¶ 9, we held that an appeal was ripe only after strict compliance with rule 7(f)(2).

¶18   In *Code*, we stated that because "rule 7(f)(2) requires that an order [submitted by a party] be filed, unless a court explicitly directs that no order needs to be submitted, no finality will be ascribed to [the district court's initial order] for purposes of triggering the running of the time for appeal." 2007 UT 43, ¶ 9. There, the court did not sign a proposed order submitted with the prevailing party's initial brief, nor did it explicitly state that a final order submitted by the prevailing party was unnecessary. *Id.* ¶ 5. When the prevailing party failed to submit a proposed order in a timely manner, the nonprevailing party, "obviously interested in finality for purposes of appeal, . . . submitted a proposed order to trigger finality so that [the nonprevailing party] could appeal the decision of the district court." *Id.*

¶19   We reasoned that "[t]he plain language of rule 7(f)(2) does not permit overriding the requirement of an order by implication or inference. Either an order must be submitted by the prevailing party or the court must give the parties *explicit* direction that no order is required." *Id.* ¶ 6. In the absence of such explicit direction, the

thirty-day appeal period was triggered only when "[t]he order submitted by [the nonprevailing party was] signed by the judge [and] established finality." *Id.* ¶ 5.

¶20   Similarly, in *Giusti*, we held that satisfaction of rule 7(f)(2) is the only method to trigger the appeal period. 2009 UT 2, ¶¶ 37–38. As in *Code*, the district court did not enter a proposed order submitted by the prevailing party and did not direct that such an order was unnecessary. *Id.* ¶ 38. Because the prevailing party did not submit a final order, the nonprevailing party submitted its own proposed order that was later entered by the district court. *Id.* ¶ 15. The prevailing party argued that the nonprevailing party's subsequently filed notice of appeal was untimely because it was submitted over thirty days after the entry of the district court's original ruling. *Id.* ¶ 16.

¶21   The nonprevailing party countered that "because no order in conformity with the district court's . . . [order] was submitted by either party, the appeal period was not triggered until the entry of [its proposed order]." *Id.* ¶ 25 (first alteration in original) (internal quotation marks omitted). We agreed, reasoning that since rule 7(f)(2) had not otherwise been satisfied, the nonprevailing party acted appropriately to satisfy the rule before filing its notice of appeal. *Id.* ¶¶ 28, 38. We rejected the prevailing party's argument that the nonprevailing party's proposed order "was unnecessary . . . because it was merely a compact summary of the [district court's] orders and did nothing more than restate what had already been resolved in the prior orders." *Id.* ¶ 37 (internal quotation marks omitted).

¶22   In the case before us, when the district court denied Mr. King's motion for new trial, it entered the Ruling and Order setting forth its reasons for doing so. The district court did not, however, "give the parties *explicit* direction that no [additional] order [was] required." *Code*, 2007 UT 43, ¶ 6. Therefore, the window for an appeal had not yet opened. Rule 7(f)(2) required the District, as the prevailing party, to submit a proposed order in conformity with the district court's ruling within fifteen days. When the District failed to do so, Mr. King had the option of submitting his own proposed order for the purpose of finalizing the district court's decision. Until one of the parties did so, however, the window for an appeal remained closed.

¶23   The fact that the district court titled its written decision "Ruling and Order" does not change our analysis. Mr. King argues

that the document issued by the district court "was not *just* a ruling, but . . . also the order formalizing and finalizing that ruling for all purposes." He poses the question, "When a judge uses those words, can counsel tell him that he is not being clear enough?" While we acknowledge Mr. King's concern, such a concern is assuaged by the mandatory nature of rule 7(f)(2) and our reasoning in *Giusti*. There, we stated that the strict application of the rule "removes the burden from litigants of discerning when the appeal period has been triggered." *Giusti*, 2009 UT 2, ¶ 33. And because the district court in this case did not "explicitly direct that no additional order [was] necessary . . . rule 7(f)(2) require[d] the preparation and entry of a separate order in conformity with the court's decision." *Id.* ¶ 32 (internal quotation marks omitted).

¶24 "The plain language of the rule requires an *explicit direction* if an order is not required by the court; it does not contemplate that the parties must engage in a guessing game to divine the court's intentions." *Code*, 2007 UT 43, ¶ 5 (emphasis added). To prevent such a guessing game, a district court that intends its ruling to represent its final, appealable order must explicitly state that no additional order is necessary.

¶25 Compliance with rule 7(f)(2) is not discretionary. The rule must be satisfied before a district court's decision is considered final and appealable. "Where an appeal is not properly taken, [an appellate] court lacks jurisdiction and . . . must dismiss." *Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649.

## IV. IF THE DISTRICT COURT DOES NOT EXPLICITLY STATE THAT "NO ADDITIONAL ORDER IS NECESSARY," A PARTY SHOULD SUBMIT A PROPOSED ORDER WITHIN A REASONABLE TIME

¶26 Under rule 7(f)(2), if neither of the two exceptions to the default rule is present, the prevailing party has fifteen days in which to submit a proposed order. This time frame is designed to ensure judicial efficiency and finality. But when the prevailing party neglects its obligations under the rule, "the appeal rights of the nonprevailing party *will extend indefinitely*." *Code v. Utah Dep't of Health*, 2007 UT 43, ¶ 6 n.1, 162 P.3d 1097 (emphasis added). When a nonprevailing party does not submit its own proposed order, it gives rise to the possibility of an indefinite extension of the nonprevailing party's appeal rights. Such an indefinite extension is contrary to notions of judicial efficiency and finality.

¶27 To address this potential for undue delay when the parties fail to comply with rule 7(f)(2), we hereby request that our advisory committee review rule 7(f)(2) and address the possibility of endlessly hanging appeals. For example, the Federal Rules of Civil Procedure contain provisions designed to address this issue. *See* FED. R. APP. P. 4(a)(7); FED. R. CIV. P. 58(c). These provisions set a maximum time of 150 days for filing an appeal in cases where the district court's judgment has not otherwise been finalized.

## CONCLUSION

¶28 The district court's Ruling and Order was not a final judgment for purposes of appeal because rule 7(f)(2) of the Utah Rules of Civil Procedure had not been satisfied. We therefore affirm the decision of the court of appeals dismissing Mr. King's appeal without prejudice. Should Mr. King wish to renew his appeal, he must first comply with rule 7(f)(2) by circulating and then submitting a proposed order to the district court.