Justice PARRISH,
opinion of the Court:
INTRODUCTION
T1 This case comes before us on cross-motions for summary disposition and on a petition for an extraordinary writ,. The issues presented in the motions and the petition are (1) whether an interlocutory decision is subject to the implementing order requirements of rule 7(F)(2) of the Utah Rules of Civil Procedure and, if so, (2) whether a rule 54(b) certification can satisfy the rule 7(M(2) requirements for an interlocutory decision. We answer both questions in the affirmative but explain that for a single order to satisfy both rule 54(b) and rule 7()(2), it must meet the requirements of both rules.
FACTUAL AND PROCEDURAL BACKGROUND
T2 This appeal stems from Christy Butler's personal injury suit against Lauren K. Ford and the Corporation of the President of the Church of Jesus Christ of Latter-day Saints (COP). Butler filed a complaint alleging that she was injured in an automobile accident caused by Ford's negligent driving. The complaint also alleges that Ford was an agent of COP acting within the seope of the agency relationship at the time of the accident. Thus, Butler seeks to hold COP vicariously liable for Butler's injuries under a theory of respondeat superior.
T8 COP moved for summary judgment, seeking dismissal of all of Butler's claims against it. The district court granted COP's motion in a memorandum decision titled "Ruling and Order on Motion for Summary Judgment" (Summary Judgment Ruling). COP did not submit a proposed implementing order with its motion for sammary judgment, nor did it serve Butler with a proposed order within fifteen days of the district court's Summary Judgment Ruling, as required by rule 7(F)(@2) of the Utah Rules of Civil Procedure. And the Summary Judgment Ruling itself did not state that no further order was required. As a result, the district court did not enter an order implementing the Summary Judgment Ruling.
T4 Approximately a month after the district court issued its Summary Judgment Ruling, COP filed a motion for rule 54(b) certification of final judgment, in which it requested that the court certify the Summary Judgment Ruling as final for purposes of appeal. COP included with its motion a proposed "Order Directing Entry and Certification of Final Judgment under Rule 54(b)," but did not serve the proposed order on Butler prior to filing it with the court. Butler did not oppose the motion, and the district court subsequently signed and entered the proposed order (Certification Order). The order stated:
IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs' [sic] claims against COP be and are dismissed with prejudice and that ... [tlhe Summary *283 Judgment in Favor of Defendant COP ... is a final judgment of the court under Rule 54(b) of the Utah Rules of Civil Procedure, and the Court expressly directs entry and certification of final judgment to that ef-feet.
(Emphasis added). The clerk of the court thereafter made a docket entry stating, "Case Disposition is Dismd w [sic] prejudice."
1 5 COP did not serve the signed Certification Order on Butler as required by rules 5(b)(2)(A) and 58A(d) of the Utah Rules of Civil Procedure. And Butler alleges that although her counsel "regularly monitored" the online docket through "one of the court's approved e-filing providers," the Certification Order did not appear on the e-filing provider's system until over a month after it had been entered. Thus, according to Butler, she was unaware that the Certification Order had been signed and entered until more than thirty days had passed from its entry.
46 Operating under the assumption that two orders were still forthcoming-a rule 7F(2) order implementing the court's Summary Judgment Ruling and a rule 54(b) certifying order (as opposed to an order "direct[ing] entry and certification")-Butler did not file a notice of appeal upon learning of the Certification Order. Instead, Butler filed what she titled a "Motion to Proceed with Her Appeal." In the motion, Butler explained that she believed her time to appeal the Summary Judgment Ruling had not begun to run because neither party had filed an implementing order for the Summary Judgment Ruling and the Certification Order alone did not constitute a final order.
T7 Butler alternatively argued that if the time for appeal had begun to run on the day the Certification Order was entered, the court should grant Butler an extension of time to appeal pursuant to rule 4(e) of the Utah Rules of Appellate Procedure. Butler argued that "the unusual actions" that had taken place following the Summary Judgment Ruling "violated the Rules of Civil Procedure" and had been "beyond Plaintiff's control." Butler filed a proposed order with her motion, which she alleged was both rule and rule 54(b) compliant.
118 COP opposed Butler's motion, arguing that "[a] final Rule 56 Order has been entered and a Rule 54(b) motion has been granted certifying that Order as final. Nothing more was necessary to start the running of time for Plaintiff to file a notice of appeal." COP further argued that Butler should not be granted additional time to file a notice of appeal because Butler had not demonstrated excusable neglect or good cause as required by rule 4(e) of the Utah Rules of Appellate Procedure. Specifically, COP alleged that, contrary to Butler's assertion that there had been a glitch in the e-filing service provider's system, Butler had simply failed to diligently check with the clerk of the court to determine whether the rule 54(b) order had been entered.[1] COP also opposed Butler's proposed order, arguing that "[the court has already issued a final [rule 7 compliant] order on Defendant COP's Motion for Summary *284 Judgment" through its Summary Judgment Ruling.
T9 The court held a hearing on Butler's motion to proceed with her appeal. After the parties presented their arguments, the district court ruled from the bench. Without addressing Butler's argument that the time for appeal had not yet begun to run, the court ruled that Butler had shown neither good cause nor excusable neglect for an extension of time to appeal under rule 4(e). Although the district court declined to address the interplay between rules 7(F)(2) and 54(b), it acknowledged that the issue "really ... hasn't been clearly decided." The court also stated that this case would provide an opportunity for "the appellate courts [to] clarify who's right." Despite its acknowledgment that the rules were unclear, the district court denied Butler's motion to either proceed with her appeal or to extend the time to appeal and entered an order consistent with its ruling. Within one month of the district court's ruling, Butler filed a notice of appeal in which she stated her intent to appeal both the ruling on her motion to proceed with her appeal and the underlying Summary Judgment Ruling.
€ 10 One day after Butler filed her appellate docketing statement, COP filed a motion for summary disposition. See Utax R.App. P. 10(a)(2) (explaining that a party may move for summary disposition within ten days after the docketing statement is filed). COP argues that Butler's appeal should be summarily dismissed because Butler failed to timely file a notice of appeal of the district court's Summary Judgment Ruling. Although COP no longer contends that the Summary Judgment Ruling alone meets the requirements of rule 7(F)(2), it argues that the subsequent Certification Order rendered the Summary Judgment Ruling a "final, ap-pealable order and judgment ... even if the original summary judgment decision was not in the form prescribed by rule 7(f)." COP further argues that the district court acted within its discretion in denying Butler's motion for an extension of the time to appeal. In short, COP argues that this court lacks jurisdiction to hear Butler's appeal and that her appeal must therefore be dismissed with prejudice.
111 Butler also filed a motion for summary disposition. She argues that the Summary Judgment Ruling lacked a necessary rule 7(f)(2) implementing order and that, although the district court subsequently directed entry of final judgment under rule 54(b) in its Certification Order, final judgment was never actually entered. Butler urges this court to dismiss her appeal without prejudice and asks us to direct the district court to enter a rule 7F)(2) order and a final rule 54(b) judgment.
{12 Butler simultaneously filed a petition for an extraordinary writ. Relying on the same arguments presented in her motion for summary disposition, Butler's petition asks this court to issue an order "compelling the [district court] to enter a rule 7()(2) order and a final rule 54(b) judgment."
13 We consolidate the motions for summary disposition and the extraordinary writ and hold that neither the Summary Judgment Ruling nor the Certification Order satisfied rule 7(F)(2) for purposes of triggering the time to appeal the Summary Judgment Ruling. We therefore dismiss this appeal without prejudice. We decline to grant Butler's petition for extraordinary writ because this is not a case where "no other plain, speedy and adequate remedy is available." Utax R. Civ. P. 65B(@). Instead, having clarified the law, we conclude that the district court is now equipped to provide the appropriate remedy.
T 14 We have jurisdiction over Butler's appeal under Utah Code section 78A-3-102(8)(J) and over Butler's petition for extraordinary writ under Utah Code section 78A-8-102(2).
STANDARD OF REVIEW
{15 The issue presented in this case is whether the district court has entered a final appealable order, which is an issue of appellate jurisdiction. Miller v. USAA Cas. Ins. Co., 2002 UT 6, ¶ 18, 44 P.3d 663. Whether appellate jurisdiction exists is a question of law, which we review for correctness. Id.
*285 ANALYSIS
I. ALL ORDERS, INCLUDING INTERLOCUTORY ORDERS, MUST SATISFY RULE 7()(@) OF THE UTAH RULES OF CIVIL PROCEDURE
{16 An appeal as of right may only be taken from a final order or judgment. UTaK R. App. P. 3(a) Rule 7()(2) of the Utah Rules of Civil Procedure prescribes the procedure for obtaining an order from which an appeal may be taken. It states that "[ulnless the court approves the proposed order submitted with an initial memorandum, or unless otherwise directed by the court, the prevailing party shall, within fifteen days after the court's decision, serve upon the other parties a proposed order in conformity with the court's decision." Uta R. Cv. P. 70@) (2013).[2]
117 In Central Utah Water Conservancy District v. King, we clarified the requirements of rule 7(F)(2) and held that compliance with rule 7(f)(2) dictates the timing for filing a notice of appeal. 2018 UT 13, € 15, 297 P.3d 619. We explained that under rule one of three events must occur before the time to appeal begins to run: "(1) the court approves an order submitted with an initial memorandum; (2) the court enters an order prepared by counsel and served on opposing counsel pursuant to rule 7(F)(2); or (8) the court explicitly directs that no additional order is necessary." Id. The second of these three options is the default mechanism for satisfying rule 7(F)(2) and will apply "unless the district court approves the proposed order submitted with a party's initial memorandum or when the district court explicitly directs that no additional order is required." Id. 110 (internal quotation marks omitted). Therefore, "if neither of the two exceptions to the default is present, the prevailing party has fifteen days in which to submit a proposed order." Id. 126. "If the prevailing party fails to submit" a proposed order in this time frame, "any party interested in finality-generally, the nonprevailing party-may submit an order." Code v. Utah Dep't of Health, 2007 UT 43, ¶ 7, 162 P.3d 1097.[3]
118 Satisfaction of one of these events is necessary not only for establishing finality of a judgment that resolves an entire case, but also "for ascribing finality to an interlocutory decision." Houghton v. Dep't of Health, 2008 UT 86, ¶ 11, 206 P.3d 287. Thus, an appeal from an interlocutory decision is ripe "only after strict compliance with rule 7(F)(2)." Cent. Utah Water Conservancy, 2013 UT 13, ¶ 17, 297 P.3d 619. Requiring rule 7({)(2) compliance in the interlocutory context comports with our judicial policy that when parties intend to appeal interlocutory rulings, there is "no benefit to a system in which parties must guess, on a case-by-case basis, whether a judge's language in a memorandum decision implies, invites, or contemplates further action by the parties." Code, 2007 UT 43, ¶ 6, 162 P.3d 1097 (alterations omitted) (internal quotation marks omitted).
119 Compliance with rule 7F(@2), though necessary, is not sufficient to trigger the time to appeal an interlocutory ruling. Interlocutory rulings must also satisfy one of two additional conditions to be eligible for immediate appeal: (1) the district court, in its discretion, certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure, or (2) an appellate court grants permission to appeal an interlocutory order under rule 5 of the Utah Rules of Appellate *286 Procedure.[4] Therefore, the time period for appealing an interlocutory ruling begins to run only after (1) compliance with rule 7()(2) and (2) satisfaction of either civil procedure rule 54(b) or appellate procedure rule 5.
120 In this case, the district court's Summary Judgment Ruling constituted an interlocutory ruling because, although it ended the litigation between Butler and COP, Ford remained a defendant in the case. To be appealable, therefore, the Summary Judgment Ruling must have (1) complied with rule 7(F)(2) and (2) been certified as final under rule 54(b) or been granted interlocutory review under appellate procedure rule 5.
121 Looking first to whether the Summary Judgment Ruling was rule 7(F)(2) compliant, it is clear that none of the three events described in Central Utah Water occurred. COP did not submit and serve a proposed order with its initial summary judgment memorandum, the court did not enter an order prepared by COP and served on Butler within fifteen days after the court's decision, and the court's written ruling did not explicitly direct that no additional order was necessary. Although Butler later lodged a proposed rule 7(f)(2) order with the district court as permitted by Code, the district court declined to sign and enter it.
1 22 The district court did, however, subsequently enter a Certification Order pursuant to rule 54(b). The determinative issue in this case is therefore whether the district court's Certification Order satisfied the requirements of both rule 7(F)(2) and rule 54(b) for the Summary Judgment Ruling. If so, the time for appealing the Summary Judgment Ruling began to run when the Certification Order was entered, and Butler's appeal of the Summary Judgment Ruling is untimely. We hold that although a district court may enter a single order that satisfies both rule 7(2) and rule 54(b), it must do so by strict, ly and expressly complying with the requirements of both rules.
II. ENTRY OF AN ORDER THAT IS RULE 7()(2) COMPLIANT IS A PREREQUISITE TO RULE 54(b) CERTIFICATION
23 Having addressed the requirements of rule 7(F)(2), we turn to the requirements of rule 54(b). Prior to the adoption of rule 54(b), courts followed the "single-judicial-unit theory" to determine which orders were final and thus appealable 10 CmarLEs ALraN Wricet, Artuur R. Minusr & Mary Kay Kaxnr, FEEpErat PraCTICE Anp PROCEDURE § 2658 (8d ed.1998); see also Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 431-32, 76 S.Ct. 895, 100 L.Ed. 1297 (1956) (discussing the judicial unit theory). Under this theory, any action-regardless of the number of parties or claims-was treated as a single unit and "only one appeal was permitted from any one action." Wricut, & Kang, supro § 2658. After promulgation of the Federal Rules of Civil Procedure, which allow for liberal joinder of parties and claims, "a need for relaxing the restrictions upon what should be treated as a judicial unit for purposes of appellate jurisdiction" became apparent. Sears, Roebuck, 351 U.S. at 432, 76 S.Ct. 895. Rule 54(b) of the Federal Rules of Civil Procedure was adopted "[Jargely to meet this need." Id. at 432-33, 76 S.Ct. 895. Rule 54(b) of the Utah Rules of Civil Procedure is "modeled after and is identical in all material respects" to its federal counterpart. Pate v. Marathon Steel Co., 692 P.2d 765, 767 (Utah 1984).
T 24 Rule 54(b) (of both the Federal and Utah Rules of Civil Procedure) "facilitate[s] the entry of judgments upon one or more but fewer than all the claims or as to one or more but fewer than all the parties in an action involving more than one claim or party." Wricut, Minusr & Kang, supro § 2654. The rule does this by granting district courts the discretion to "direct the entry of a final judgment! [5] as to one or more but *287 fewer than all of the claims or parties ... upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment." Uran R. Civ. P. 54(b); see Fo. R.CIVP. 54(b) (same).[6]
125 Not all interlocutory rulings qualify for rule 54(b) certification. As we first explained in Pate v. Marathon Steel Co. and more recently in Powell v. Cannon, there are three prerequisites to rule 54(b) certification: (1) "there must be multiple claims for relief or multiple parties to the action," (2) "the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action," and (8) "the trial court, in its discretion, must make a determination that there is no just reason for delay of the appeal." 2008 UT 19, ¶ 26, 179 P.3d 799 (emphasis added) (internal quotation marks omitted). This interpretation of Utah's rule 54(b) is consistent with interpretations of the parallel federal rule. Pate, 692 P.2d at 767; see also WricHt, & Kank, suproe § 2656 (explaining that federal rule 54(b) sets forth the same three "basic conditions on its applicability").
{26 The second rule 54(b) prerequisite-that the judgment be entered on an otherwise appealable order-is most relevant to our resolution of. this case. This prerequisite requires a district court to finally decide "at least one claim or the rights and liabilities of at least one party" prior to granting rule 54(b) certification. Id. § 2656. In the federal system, a claim is not finally decided unless and until (1) it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" and (2) " is set out separately and entered as required by Rule 58." Id. (emphasis added) (internal quotation mark omitted).
127 The federal rule 58, which serves a similar purpose to Utah's rule 7(f),[7] requires that "[elvery judgment and amended judgment must be set out in a separate document." FEp. R. Civ. P. 58(a), of Uran R. Crv. P. 7((@) ("Unless otherwise directed by the court, all orders shall be prepared as separate documents. ..."). Therefore, in the federal system, unless an interlocutory ruling satisfies rule 58's separate document requirement, that ruling does not qualify for rule 54(b) certification. Similarly, in Utah, unless an interlocutory decision satisfies rule 7(f)'s order requirements (both the procedural requirements of rule 7(F)(2) and the form requirements of rule 7(F)(8)), it does not qualify for certification under rule 54(b).
*288 1 28 In sum, to qualify for rule 54(b) certification, a judgment must meet three requirements. First, it must be entered in an action involving multiple claims or multiple parties. Second, it must have been entered on an order that would otherwise be appeal-able but for the fact that other claims or parties remain in the action. An interlocutory order will only meet this "otherwise appealable" requirement if it ends the litigation on the merits as to at least one claim or one party and satisfies the requirements of rule 7(F). Third, the trial court, in its discretion, must make a determination that there is no just reason for delay of the appeal.
III, A SINGLE ORDER MAY SATISFY BOTH RULES 7(F)(2) AND 54(b), BUT TO DO SO IT MUST STRICTLY COMPLY WITH THE REQUIREMENTS OF BOTH RULES
129 We now clarify the overlap between rule 7(F)(2) and rule 54(b). Because interlocutory decisions must comply with rule see supra Part I, and because an interlocutory decision does not qualify for rule 54(b) certification unless rule 7(F)(2) has been satisfied, see supra Part II, a district court may not certify as final an interlocutory ruling that has not met the requirements of rule 7()(2). Under this construction, the time for appeal begins to run only after both rules 7()(2) and 54(b) are satisfied.
30 This relationship between rule 7(P)(2) and rule 54(b) is similar to the relationship between rule 7F@) and rule 3 of the Utah Rules of Appellate Procedure, which dictates how an appeal as of right may be taken. Giusti v. Sterling Wentworth Corp., 2009 UT 2, ¶ 34, 201 P.3d 966, holding modified by Cent. Utah Water Conservancy Dist. v. King, 2013 UT 13, 297 P.3d 619. Replacing the references to "rule 3" with "rule 54(b)" in our Giusti decision illustrates this point: "[WJhhile [rule 54(b)] provides the substantive requirement for [an interlocutory] decision's finality ... [rule 54(b) ] does not eviscerate the procedural requirements of rule 7 for triggering the appeal period onee a final decision is rendered." Id. Like rule 8 of the Utah Rule of Appellate Procedure, rule 54(b) works in concert with rule 7(F)(2).
131 Although, strictly speaking, rule TF)(2) compliance is a prerequisite to rule 54(b) certification, a district court may issue an order that satisfies both rules simultaneously. That is, a district court may issue a rule 7({)(2) order for an interlocutory ruling and in the same order certify the ruling as final for purposes of appeal. But the combined order must strictly comply with the requirements of both rules.
1382 For the combined order to comply with rule one of the three conditions discussed in Central Utah Water must occur. To satisfy the first condition, a party must submit and serve a proposed combined order with its initial memorandum in support of or in opposition to the underlying motion and must include as part of the initial memorandum a motion for rule 54(b) certification. The second condition requires that the party who prevails on the underlying motion prepare and serve on the opposing parties a combined order in the manner provided by rule 7(2).[8] This will generally require the party preparing and filing the combined order to also file a motion for rule 54(b) certification.[9] If the prevailing party fails to serve the proposed combined order within fifteen days after the court's decision, the nonpre-vailing party (or any party interested in finality), may then prepare and serve a proposed combined order as provided by rule 7F(@2). The third rule 7(F)(2) condition is satisfied when the district court, in its ruling on the underlying motion, certifies the ruling *289 as final under rule 54(b) and explicitly directs that no additional order is necessary. Until one of these conditions is satisfied, the appellate clock does not begin to run.
T33 Looking specifically to the first rule 7(F(2) option, the dissent would have us read rule 7(F)(2)'s reference to "an initial memorandum" to encompass later memoranda relating to motions other than the underlying motion to which the order applies (in this case, a memorandum in support of a motion for rule 54(b) certification). But this interpretation of "an initial memorandum" contradicts our precedent and is inconsistent with the language of rule 7(F)(2) as a whole. See Aequitas Enters., LLC v. Interstate Inv. Grp., LLC, 2011 UT 82, ¶ 17, 267 P.3d 923 ("[ We read the plain language of our rules of civil procedure as a whole." (alterations omitted) (internal quotation marks omitted)). As we explained above, supra 117, among the three options for satisfying rule 7(F)(2), the default is the second: requiring the prevailing party, within fifteen days of the court's decision, to serve on the other parties an order in conformity with the court's decision. Cent. Utah Water, 2013 UT 13, ¶ 10, 297 P.3d 619.
134 The critical point for determining whether a prevailing party must prepare and serve a proposed order on the other parties is the moment when the district court makes its decision in the underlying matter. At that point, if the district court neither indicated in its ruling that no further order was required nor approved a proposed order submitted with the prevailing party's initial memorandum the only remaining option is for the prevailing party to prepare an order and serve it on the other parties within fifteen days of the district court's decision. Id. 1 26 ("Under rule 7(£)(2), if neither of the two exceptions to the default rule is present, the prevailing party has fifteen days [from the date of the court's decision] in which to submit a proposed order.").
185 The option of submitting a proposed order with "an initial memorandum" therefore cannot take place after the district court has ruled on the underlying matter. Thus, under rule 7(F)(2), the only "initial memorandum" with which a proposed order may be submitted is either the memorandum in support of or the memorandum in opposition to the underlying motion. See Kilpatrick v. Bullough Abatement, Inc., 2008 UT 82, ¶ 12, 199 P.3d 957 ("[The time for appeal begins to run with the entry of the prepared order, unless the court either approves a proposed order submitted with the initial memorandum or explicitly directs that no order is required.").
36 The dissent contends that this interpretation of rule 7(F)(2) creates "traps for unwary litigants." Infro 155. But by limiting the meaning of "initial memorandum" to only the memorandum in support of or opposition to the underlying motion, our interpretation promotes certainty in identifying the applicable memoranda. This not only allows the district court and the parties to know whether the default rule 7(F)(2) procedure is necessary, but it also prevents the possibility that a party will fail to realize that a proposed order submitted with a subsequent memorandum triggered the time to appeal -a previous ruling (which is precisely what happened in this case under the dissent's interpretation of rule
137 The dissent also asserts that our construction of interplay between rules 7(f) and 54(b) "undermines the doctrine of merger." See infra MI 45-55. We agree with the dissent's characterization of how merger operates in the context of an interlocutory ruling certified as final under rule 54(b). See supra 24 n. 6. As the dissent explains, "(aln appeal from a judgment made final under Rule 54(b) opens up the record [and permits review of all rulings that led up to the judgment] as to the parties involved in the appeal in the same way as an appeal from a final judgment that disposes of the entire action." Infro 149 (alteration in original) (quoting 15A CHarues Aman Artur R. LER & Epwarp H. CooPErR, FEDERAL PRACTICE Axp ProcEDuURE $ 8905.1 n. 22 (2d ed. Supp. 2014)).
138 But we fail to see how our decision disrupts this doctrine. As we have explained, if a district court erroneously certifies as final an interlocutory ruling for which no rule 7(F)(2) order exists, that certifi *290 cation will not be valid. And where an interlocutory ruling is not validly certified under rule 54(b), that ruling and all rulings leading up to it remain nonfinal for purposes of appeal, and merger does not occur. But once a valid rule 7(F)(2) order is entered and that order is properly certified as final under rule 54(b), the doctrine of merger takes full effect such that all rulings that led up to the certified order merge into that order and become reviewable on appeal.
189 Contrary to the dissent's assertion, infre 158, an appellant need not "secure [independent] compliance with rule 7(f)(2) for each and every interlocutory order encompassed by the rule 54(b) certification," because the ultimate rule 7(F)(2) order that is properly certified as final under rule 54(b) satisfies rule 7(£)(2) for all prior interlocutory rulings that merge into it (ie., all interlocutory rulings that led up to the ultimate order). This is so regardless of which of the three rule 7()(2) methods the district court employs. So long as one of the methods has been strictly complied with at the time the district court grants rule 54(b) certification, all interlocutory rulings leading up to the ruling made final under rule 54(b) merge and become appealable at that time.
IV. THE CERTIFICATION ORDER DID NOT MEET THE REQUIREMENTS OF A COMBINED RULE 7(f) AND RULE 54(b) ORDER
140 We now turn to the facts of this case. COP argues that the Certification Order satisfied both rule 7(F)(2) and rule 54(b), thereby rendering the Summary Judgment Ruling final for purposes of appeal. We disagree. None of the three rule events occurred with respect to the Summary Judgment Ruling. The Certification Order was not submitted with COP's initial summary judgment memorandum. Therefore, while that order may have constituted a final order on the rule 54(b) certification itself,[10] it did not satisfy the first rule 7(£)(2) option for purposes of the Summary Judgment Ruling. Furthermore, the Certification Order did not satisfy the second rule 7(f)(2) option because COP did not serve it on Butler within fifteen days after the Summary Judgment Ruling. In fact, COP served the proposed rule 54(b) order on Butler at the same time COP filed it with the district court, thereby denying Butler a meaningful opportunity to object to the proposed order. And because the Summary Judgment Ruling did not explicitly direct that no further order was required, the third rule 7(F)(2) option was not satisfied. In short, the Certification Order did not bring the Summary Judgment Ruling into compliance with rule 7(F)(2). Certification under rule 54(b) was therefore inappropriate.[11]
T41 Since the parties did not submit a proposed order with their initial summary judgment memoranda, and since the district court did not state in the Summary Judgment Ruling that no further order was required, before Butler can appeal the Summary Judgment Ruling, either COP or Butler must prepare and serve on the opposing party a proposed order that complies with both rule 7(F)(2) and rule 54(b) and file it with the district court upon expiration of the time for any objections. When the district court signs and enters such a proposed order, the time for appeal will then begin to run.[12]
*291 CONCLUSION
142 The district court's "Order Directing Entry and Certification of Final Judgment Under Rule 54(b)" did not trigger the deadline for appealing the earlier Summary Judgment Ruling. Because the Certification Order failed to satisfy the requirements of rule 7F)(@2) with respect to the Summary Judgment Ruling, it also fell short of satisfying the requirements of rule 54(b). We therefore lack jurisdiction to hear this premature appeal and dismiss it without prejudice.
Justice LEE filed a dissenting opinion.

. During the hearing on Butler's motion to proceed with her appeal, COP presented evidence that the reason the Certification Order did not appear on Butler's e-filing account until over a month after it had been entered was because Butler's counsel had failed to refresh the electronic docket. Therefore, even though Butler's counsel regularly monitored the e-filing account, counsel's negligent failure to hit the "refresh" button each time it returned to monitor the electronic docket resulted in counsel not realizing that the Certification Order had been entered.
While user error may have played a role in Butler's lack of notice of the Certification Order, other circumstances beyond Butler's control contributed to the problem. Specifically, although Butler had voluntarily chosen to use the court's e-filing system prior to the court-imposed mandatory e-filing deadline, see Uran R. Jup. Aomm. 4-503, COP had not. Because COP filed its motion for rule 54(b) certification and its proposed rule 54(b) order through traditional filing procedures, COP was required to use traditional means (ie., U.S. mail, hand delivery, overnight mail, facsimile, or email) to serve Butler with a copy of the signed Certification Order. See Uran R. Civ. P. 58A(d) (2013) ("A copy of the signed judgment shall be promptly served by the party preparing it in the manner provided in Rule 5."). But COP never served Butler with the signed order as required by rule 58A(d). And while failure to comply with rule 58A does not affect the timing for filing a notice of appeal, it is relevant to a determination of whether there is good cause to extend the time for appeal under rule 4(e) of the Utah Rules of Appellate Procedure.

. As of May 2014, rule 7(F)(2) gives the prevailing party twenty-one days from the court's decision to serve a proposed order on the other parties. Uran R. Civ. P. 7($)(2) (2014). But we apply the rule that was in effect as of the relevant events in this case, which prescribed a fifteen-day time frame for the prevailing party to serve a proposed order. Urau R. Civ. P. 7(F)(2) (2013).

. As we explained in Code v. Utah Department of Health, 2007 UT 43, ¶ 6 n. 1, 162 P.3d 1097, and reiterated in Central Utah Water Conservancy District v. King, "when the prevailing party neglects its obligations under the rule, the appeal rights of the nonprevailing party will extend indefinitely." 2013 UT 13, ¶ 26, 297 P.3d 619 (emphasis added) (internal quotation marks omitted). Because we recognize that "[such an indefinite extension is contrary to notions of judicial efficiency and finality," we have asked "that our advisory committee review rule 7(F)(2) and address the possi *286 bility of endlessly hanging appeals." Id. ¶¶ 26-27.

. We have also recognized that in some instances, "orders and judgments that are not final can be appealed if such appeals are statutorily permissible." Bradbury v. Valencia, 2000 UT 50, ¶ 12, 5 P.3d 649. But in this case, no statute exists that would have made the Summary Judgment Ruling immediately appealable.

. Rule 54(a) clarifies that a judgment "includes a decree and any order from which an appeal lies." (Emphasis added). Because an appeal lies only *287 from a rule 7((2) compliant order, see supra 11 17-18, satisfaction of rule is required in order to obtain a judgment.

. According to the final judgment rule, a judgment or order is final and thus appealable if it "'dispose[s] of the case as to all the parties, and finally dispose[s] of the subject-matter of the litigation on the merits of the case." Powell v. Cannon, 2008 UT 19, ¶ 11, 179 P.3d 799 (internal quotation marks omitted). Interlocutory rulings that do not end the controversy between the litigants are generally not appealable until a final judgment has been entered. Moreover, when a case consists of multiple claims or multiple parties, a decision that disposes of less than all of the claims or all of the parties is generally not appealable until "the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Ura R. Civ. P. 54(b). Once final judgment is entered, all preceding interlocutory rulings that were "steps towards final judgment" merge into the final judgment and become appealable at that time. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); see also 10 James Wat Moore, FEpEraL Practice § 54.25(5] (3d ed.2014) (explaining that under the merger rule, an interlocutory order "merges into the final judgment that disposes of all the claims and parties and becomes appealable at that time").
But where an interlocutory order is certified as final under rule 54(b), that order does not merge into the final judgment that resolves the entire case. Instead, it stands alone as a final appeal-able order, and all prior interlocutory rulings that were steps toward the rule 54(b) certified interlocutory order merge into that final order. Under the Utah Rules of Civil Procedure, therefore, when a rule 7({)(2) compliant interlocutory order is certified as final under rule 54(b), all prior rulings that were steps toward the final interlocutory order merge into that order and become appealable at the time the rule 54(b) certification is entered.

. Cent. Utah Water Conservancy Dist. v. King, 2013 UT 13, ¶ 27, 297 P.3d 619 (asking the Utah Committee on the Rules of Civil Procedure to look to federal rule 58(c) as an example for how Utah rule 7()(2) might address its finality conundrum).

. Rule 7()(2) instructs the prevailing party to "serve upon the other parties a proposed order in conformity with the court's decision" "within fifteen days after the court's decision." Uran R. Ci. P. (2013). Upon receiving service, the other parties have five days to make any objections to the proposed order. Id. After the expiration of the five days or upon being served with an objection, "[the party preparing the order shall file the proposed order." Id.

. Such a motion would be unnecessary in a situation where the district court rules on the initial motion, either from the bench or in a memorandum decision, simultaneously rules that rule 54(b) certification is appropriate, and then directs the prevailing party to prepare an order in conformity with its ruling.

. If one of the parties had intended to appeal the propriety of the district court's ruling on the motion for rule 54(b) certification, the entry of the Certification Order would have triggered the time to appeal that ruling.

. Butler also argues that the Certification Order was deficient in that it "directed" entry and certification of final judgment under rule 54(b). According to Butler, by including the verb "direct," the Certification Order contemplated further action. We acknowledge that use of this language gives rise to some uncertainty as to whether an additional order was required. Language such as "the court hereby certifies the ruling as final" would be clearer. However, we also recognize that the language used in the Certification Order appears to have been borrowed from the text of rule 54(b) itself, which reads, "[when more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment." (emphasis added). Because we find that the Certification Order failed to comply with the applicable rules on other grounds, we need not determine whether this language was deficient.

. Because we dismiss this appeal as premature, and Butler will therefore have an opportunity to file a timely appeal, we need not address whether *291 the district court erred in denying Butler an extension of time to appeal under rule 4(e) of the Utah Rules of Appellate Procedure.