2008 UT App 186

**Kiley MILLER and John Rzeczycki, Plaintiffs and Appellants,**

v.

**SAN JUAN COUNTY, a Utah political subdivision; Red Rock 4–Wheelers, Inc.; et al., Defendants and Appellees.**

No. 20070546–CA.

Court of Appeals of Utah.

May 22, 2008.

---

Bruce R. Baird and Alain C. Balmanno, Sandy, for Appellants.

Paul W. Mortensen, Salt Lake City; and Walter Bird, Monticello, for Appellees.

Before Judges GREENWOOD, BILLINGS, and DAVIS.

## OPINION

BILLINGS, Judge:

¶ 1 Kiley Miller and John Rzeczycki (Plaintiffs) appeal the trial court's determination that their claim is barred by res judicata. We affirm.

## BACKGROUND

¶ 2 The underlying facts of this case are not relevant on appeal, and we summarize them only for context. Plaintiffs undertook to purchase 160 acres from the Utah School and Institutional Trust Lands Administration (SITLA). Certain roads pass over the prop-erty, including one known as the Strike Ravine Trail that is commonly used for recreation by participants in the Jeep Safari, an annual off-roading event. Prior to the 2004 Jeep Safari, Plaintiffs filed for an injunction (the First Action) against San Juan County, Red Rock 4–Wheelers Inc., and the State of Utah (collectively, Defendants). In essence, Plaintiffs hoped to prevent participants in the 2004 Jeep Safari from using the Strike Ravine Trail where it passes over their property. On March 3, 2005, the trial court granted summary judgment in favor of Defendants, determining that they had a temporary easement of indefinite duration in the Strike Ravine Trail. On March 22, 2006, the trial court signed an order that modified the March 3, 2005 order and added the following paragraph (paragraph 2.C):

> This ruling applies only to this action and, except in this action, shall have no [e]ffect of legal or factual precedent, res judicata, collateral estoppel or other issue preclusion on the parties hereto, those in privity with them, or on any other persons or action.

¶ 3 On April 6, 2006, Plaintiffs filed a notice of appeal, which was dismissed because the trial court had not yet ruled on all causes of action. Subsequently, the parties filed a stipulation to dismiss the remaining causes of action without prejudice. The trial court entered an order dismissing the remaining claims without prejudice on June 19, 2006. Plaintiffs then filed an untimely notice of appeal, which was also dismissed.

¶ 4 Plaintiffs then brought a second action (the Second Action) that involved the same parties and the same claims that were adjudicated in the First Action. The trial court dismissed the Second Action with prejudice as barred by res judicata. Plaintiffs appeal.

## ISSUES AND STANDARD OF REVIEW

¶ 5 Plaintiffs argue that the trial court erred in barring the Second Action on the basis of res judicata. This is a decision that we review for correctness. *See Buckner v. Kennard,* 2004 UT 78, ¶ 10, 99 P.3d 842.

¶ 6 Plaintiffs also argue that the trial court incorrectly relied on rule 41(b) of the

Utah Rules of Civil Procedure to dismiss the Second Action with prejudice. We review a trial court's application of rule 41(b) for correctness. *See C & Y Corp. v. General Biometrics, Inc.*, 896 P.2d 47, 53 (Utah Ct.App. 1995).

## ANALYSIS

■ ¶ 7 We first consider Plaintiffs' argument that the trial court erred in barring the Second Action on the bases of res judicata and claim preclusion. Plaintiffs argue that the plain language of paragraph 2.C does not bar the Second Action. Specifically, Plaintiffs rely on the language "[t]his ruling applies only to this action." They argue that this refers only to the First Action and plainly does not include the Second Action.

¶ 8 We disagree. The language of paragraph 2.C indicates that res judicata, collateral estoppel, and other issue preclusion apply to the First Action—a statement which is necessarily forward-looking. Res judicata and claim preclusion, by definition, apply to future actions that attempt to relitigate claims already addressed in a prior action.

¶ 9 Paragraph 2.C states that *"except in this action,* [the ruling] … shall have no [e]ffect of legal or factual precedent, res judicata, collateral estoppel or other issue preclusion." (Emphasis added.) Res judicata, collateral estoppel, and other issue preclusion *in this action* necessarily means that those legal theories will bar a second action involving the same parties and same claims as in the First Action. The fact that paragraph 2.C states that "[the] ruling … shall have no [e]ffect … on any other action" does not change the meaning of the paragraph. We therefore affirm the trial court's dismissal of the Second Action as barred by res judicata.

■ ¶ 10 Plaintiffs next challenge the trial court's use of rule 41(b) of the Utah Rules of Civil Procedure, to dismiss the case, *see* Utah R. Civ. P. 41(b). Rule 41(b) states:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the

presentation of his evidence the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in [r]ule 52(a). *Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.*

*Id.* (emphasis added).

¶ 11 Plaintiffs argue that the March 22, 2006 order was only a grant of summary judgment, not an adjudication on the merits, so rule 41(b) does not apply. A full review of the facts indicates otherwise. The March 22, 2006 order itself was only the result of the parties' stipulation that the March 3, 2005 order would be modified. On June 19, 2006, the parties stipulated to the dismissal without prejudice of the remaining claims and counterclaims the trial court entered another order to this effect, stating that the March 22, 2006 order was an adjudication on the merits. Furthermore, because the June 19, 2006 order eliminated any potential remaining claims and counterclaims, the March 22, 2006 order effectively became the endpoint of the case.

¶ 12 Defendants point out that Plaintiffs must have understood this because they filed a notice of appeal, an action which necessitates an underlying final order. Presumably, Plaintiffs would not have filed a notice of appeal if they did not consider themselves bound by the trial court's previous orders. Thus, we conclude that the March 22, 2006 order was a final adjudication on the merits and that the trial court correctly applied rule 41(b) of the Utah Rules of Civil Procedure.

¶ 13 Finally, Plaintiffs argue that the trial court has the authority to grant an exception to res judicata if equity requires it. Plaintiffs argue that we should allow an exception to res judicata because "the concern which needs to be protected is that the plain language and plain meaning of court orders must be protected, once those orders are final." Because we conclude that the plain language of paragraph 2.C bars Plaintiffs' Second Action, it is unnecessary for us to grant an exception in this situation.

## CONCLUSION

¶ 14 The trial court correctly barred Plaintiffs' Second Action on the basis of res judicata and issue preclusion based on the plain language of paragraph 2.C. The trial court also correctly concluded that the March 22, 2006 order was an adjudication on the merits, and that, accordingly, the claims were dismissed with prejudice. We affirm the rulings of the trial court.

¶ 15 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and JAMES Z. DAVIS, Judge.