**2022 UT App 24**

# THE UTAH COURT OF APPEALS

JOHN DINSDALE HILLAM,
Petitioner,

*v.*

TARA HILLAM,
Respondent and Appellant,

*v.*

DUSTIN HANCOCK AS INVESTMENT TRUSTEE,
Respondent and Appellee.

Opinion
No. 20200545-CA
Filed February 25, 2022

Second District Court, Farmington Department
The Honorable David J. Williams
No. 174700031

Bart J. Johnsen and Alan S. Mouritsen, Attorneys
for Appellant

Stacy J. McNeill and Joshua L. Lee, Attorneys
for Appellee

JUDGE RYAN D. TENNEY authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and DIANA HAGEN concurred.

TENNEY, Judge:

¶1     In this appeal, Tara Hillam challenges the district court's determination that, as part of ongoing divorce proceedings, it cannot divide certain stock options that Tara's husband previously placed into an irrevocable trust. Although the court certified this as a final and appealable ruling under rule 54(b) of the Utah Rules of Civil Procedure, we conclude that the certification was flawed. We therefore dismiss this appeal for lack of appellate jurisdiction.

BACKGROUND[1]

¶2 John and Tara Hillam were married in 2000.[2] During their marriage, John's employer gave him certain stock options. John later set up an irrevocable trust (the Trust) and named himself as the settlor and as one of the beneficiaries of the Trust. Tara was also named a beneficiary of the Trust, but John conditioned her beneficiary status on her marriage to him. After setting up the Trust, John unilaterally moved the stock options into the Trust.

¶3 A few years later, John filed for divorce. After several months of litigation, John and Tara agreed to a partial stipulation. Based on that stipulation, the district court entered a bifurcated decree of divorce that divided some of John and Tara's marital property. But the court reserved a few issues for a bench trial— including, notably, the "complex trust issue" of whether the stock options could be divided as part of the divorce.

¶4 Before trial, Tara filed a motion to join the Trust as a party. After she did, Dustin Hancock (the Trustee) moved for

---

1. Because we dismiss this appeal on jurisdictional grounds, "[t]he underlying facts of this case are not [particularly] relevant on appeal," so "we summarize them only for context." *Miller v. San Juan County*, 2008 UT App 186, ¶ 2, 186 P.3d 965. We also note that, pursuant to rule 11 of the Utah Rules of Appellate Procedure, the record has been supplemented with the district court's findings of fact and conclusions of law from a bench trial that was held in October 2021, and we accordingly consider those findings and conclusions in this appeal.

2. As is our custom, we refer to John and Tara by their first names because they share the same last name. We intend no disrespect by the apparent informality.

summary judgment on John's second cause of action, seeking "a declaration that the Trust is valid and enforceable" and that the stock options were "not subject to division as part of the divorce."

¶5 Tara opposed the Trustee's motion. After briefing and argument, the district court determined that the stock options were marital property but were "not subject to equitable distribution" in the divorce because John had placed them in an irrevocable trust. The court accordingly granted the Trustee's request for summary judgment, thereby excluding the stock options from division in the divorce.

¶6 The court certified its order on this issue "as final." In doing so, it explained:

> First, the Court finds there are multiple parties, and this Order fully adjudicates the only claim . . . involving [the Trustee and the other Trust beneficiaries]. Second, the Court finds there is no just reason to delay. The core of this action is the dissolution of a marriage, and the Trust Parties were joined only because of their respective interests in the Trust. However, the Trust currently exists for the benefit of [John and Tara's] children and has no interest in the divorce-related disputes between John and Tara. It would be unnecessary and unfair to force the Trust Parties to wait for the divorce claims to go await a trial that could also be followed by a multitude of post-trial motions.

¶7 Tara appealed the court's grant of summary judgment, and this is the appeal that is now before us. In her brief, Tara argues that the district court had "authority" to "categoriz[e] the stock options as marital property subject to equitable distribution." The Trustee responded and argued that the court did not have any such authority.

¶8 While this appeal was pending, the district court held a bench trial on the remaining issues in the divorce. Of note, Tara asked the court during that bench trial to find that John had improperly dissipated marital assets when he transferred the stock options to the Trust. The parties litigated that issue, and the court rejected Tara's dissipation claim in its findings of fact and conclusions of law. As part of this ruling, the court found that John "ha[d] shown, by a preponderance of the evidence[,] that the funds were not dissipated but were used for a legitimate marital purpose."

¶9 The court issued these findings and conclusions on December 8, 2021, and the court ordered John's counsel "to prepare any further orders/decrees as are necessary to effectuate" them. As of the date on which we publish this opinion, those findings and conclusions have not yet been incorporated into John and Tara's decree of divorce.

¶10 We heard oral argument in this appeal on January 25, 2022. Before argument, we directed the parties to be prepared to discuss whether the district court's rule 54(b) certification of the summary judgment ruling on the Trust issue was proper, and we then discussed that issue with the parties at oral argument.

ISSUE AND STANDARD OF REVIEW

¶11 The parties have briefed and argued the question of whether the district court could divide the stock options that are within the Trust as part of its division of John and Tara's marital estate.

¶12 But "we may not act on an appeal, including an appeal of a putative final order under rule 54(b) [of the Utah Rules of Civil Procedure], unless we are satisfied that we have appellate jurisdiction." *Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 1, 428 P.3d 1133. "Whether appellate

jurisdiction exists is a question of law." *Butler v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints*, 2014 UT 41, ¶ 15, 337 P.3d 280.

ANALYSIS

¶13 "As a general rule, an appellate court does not have jurisdiction to consider an appeal unless the appeal is taken from a final order or judgment that ends the controversy between the litigants." *Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 10, 428 P.3d 1133 (quotation simplified). "The obvious and principal rationale for limiting the right to appeal in this way is to promote judicial economy by preventing piecemeal appeals in the same litigation to this Court." *Id.* ¶ 11 (quotation simplified). "Strict adherence to the final judgment rule" is necessary to "maintain[] the proper relationship between this Court and the district courts." *Id.* (quotation simplified).

¶14 There are three exceptions to the final judgment rule: (1) when the legislature has provided a "statutory avenue for appealing nonfinal orders," *Powell v. Cannon*, 2008 UT 19, ¶ 13, 179 P.3d 799; (2) when the appellate court grants a petition for an interlocutory appeal, *see* Utah R. App. P. 5(a); and (3) when the district court properly certifies an order as final under rule 54(b) of the Utah Rules of Civil Procedure. As noted, the district court below certified its ruling on the Trust issue as being final, thereby invoking rule 54(b) as the putative basis for our ability to review this decision.

¶15 When rule 54(b) is properly invoked, an appellate court can "weigh in on a matter even though not all of the causes of action for all of the parties have been adjudicated," *Copper Hills*, 2018 UT 56, ¶ 15, and even if the ruling in question did not "end the controversy between [all] the litigants," *Anderson v. Wilshire Invs., LLC*, 2005 UT 59, ¶ 9, 123 P.3d 393 (quotation simplified).

¶16    But our supreme court has "steadfastly adhered to a narrow approach to 54(b) certifications," and it has "advised our district courts to do the same." *Copper Hills*, 2018 UT 56, ¶ 17 (quotation simplified). Consistent with this, the supreme court has held that "[b]y the terms of [r]ule 54(b)" itself, "a ruling must meet three requirements in order to be appealable." *Pate v. Marathon Steel Co.*, 692 P.2d 765, 767 (Utah 1984). "The first requirement is that there must be multiple claims for relief or multiple parties to the action." *Copper Hills*, 2018 UT 56, ¶ 16 (quotation simplified). The second is that "the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action." *Butler v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints*, 2014 UT 41, ¶ 25, 337 P.3d 280 (quotation simplified). And the third is that the district court, "in its discretion, must make a determination that there is no just reason for delay of the appeal." *Id.* (quotation simplified).

¶17    With respect to this third requirement, it is not enough for a district court to simply state that "there is no just reason for delay." In *Copper Hills*, the supreme court linked that requirement to rule 52(a) of our rules of civil procedure, which in turn "requires district courts to enter findings supporting the conclusion that the certified orders are final." 2018 UT 56, ¶ 21 (quotation simplified). The supreme court held that these findings must "detail the lack of factual overlap between the certified and remaining claims," and they "should also advance a rationale as to why" there "is no just reason for delay." *Id.* (quotation simplified).

¶18    The supreme court did "agree that in multiple party cases"—as opposed to multiple claims cases—rule "54(b) certification may still be appropriate even if there is complete overlap between the certified claims and the remaining claims." *Id.* ¶ 28 n.14. But even in "multiple party cases," the supreme court "still require[d] our district courts to explain whether in

any given matter there is factual overlap between the certified claims and the remaining claims," as well as "why, despite any overlap, 54(b) certification is appropriate." *Id.*

¶19 Under this framework, we conclude that the rule 54(b) certification in this case was insufficient because the district court's certification did not satisfy this third requirement.

¶20 Although the district court did make an express determination that there was no just reason for delay, the court did not include any findings about the "factual overlap between the certified and remaining claims." *Id.* ¶ 21 (quotation simplified). And although this case is properly viewed as a multiple party case—which meant that certification could occur even if there was factual overlap—the district court was still required to explain whether there was any factual overlap between the certified claims and the remaining claims, and it was also required to advance a rationale for certification despite any overlap that it had identified. *See id.* ¶ 28 n.14. The court didn't do either, so its certification here was infirm.

¶21 Indeed, the circumstances of this case illustrate why such findings are required. *Copper Hills* instructs district courts to provide a "clear articulation" of their "reasons for granting certification" so that the appellate courts can have a "basis for conducting a meaningful review" of that certification. *Id.* ¶ 22 (quotation simplified). And when we conduct such a review, we seek to avoid the promotion of "piecemeal appeals," *Anderson*, 2005 UT 59, ¶ 9 (quotation simplified), that would "needlessly increase the risk of inconsistent or erroneous decisions" on factually intertwined issues, *Copper Hills*, 2018 UT 56, ¶ 11.

¶22 As noted, Tara challenges the district court's ruling on the Trust issue. In her brief, Tara asks us to adopt a test under which a court may equitably divide marital property contained in an irrevocable trust "if the evidence shows that the spouse created the irrevocable trust *in contemplation of* divorce or *with the aim of*

frustrating the equitable distribution of property in the event of a divorce." (Emphases added, quotation simplified.) Thus, her proposed test largely turns on the transferring spouse's intent.

¶23 But in the bench trial that occurred while this appeal was pending, Tara made a dissipation of marital assets claim. That claim likewise turned on John's intent when he transferred the stock options into the trust. As noted, the parties litigated that issue fully, and the district court has now entered findings on that question.

¶24 Thus, there is significant factual overlap between the certified ruling that led to this appeal and other issues that remained behind and have just recently been litigated. While we are skeptical that a rule 54(b) certification would be appropriate in such circumstances, we have no basis for conducting the necessary review because, as discussed, the district court did not provide an explanation of either the degree of overlap or why it believed that Tara's appeal of the ruling in question should proceed anyway.

¶25 Like the supreme court, we are cognizant of the fact that a jurisdiction-based dismissal like this one may "leave the parties feeling that form has triumphed over substance." *Copper Hills*, 2018 UT 56, ¶ 2. "But we cannot fabricate the power to hear a case." *Id.* (quotation simplified). Moreover, we note that the Trust's counsel agreed at oral argument that, if we dismiss for lack of appellate jurisdiction, Tara could still challenge the court's ruling about the stock options in an appeal from the final judgment in the divorce case. We think this concession was well taken. And since the district court has not yet entered that final judgment, Tara will still have that right when a final judgment has actually been entered.

¶26 As for this appeal, however, we hold that the district court's rule 54(b) certification was incomplete because it contained no findings about the factual overlap between the

certified and remaining claims, nor did it contain an explanation of why this appeal should proceed despite any overlap.

CONCLUSION

¶27    For the foregoing reasons, we conclude that the district court's rule 54(b) certification was improper. Because of this, we dismiss this appeal for lack of appellate jurisdiction.[3]

———————

3. "[W]e have discretion under Utah Rule of Appellate Procedure 5(a) to treat certain improper rule 54(b) certifications as interlocutory appeals." *First Nat'l Bank of Layton v. Palmer*, 2018 UT 43, ¶ 14 n.4, 427 P.3d 1169. But the supreme court has cautioned us to use this discretion "judiciously and sparingly." *Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 29 n.15, 428 P.3d 1133. We decline to exercise this discretion here. As noted, the issue that Tara seeks to litigate on appeal is factually intertwined with an issue that she separately litigated below in the October 2021 bench trial. Because she will be entitled to raise this issue in an appeal from the final judgment in the divorce case, allowing this appeal to be heard now would not enhance "judicial economy." *Kennedy v. New Era Indus., Inc.*, 600 P.2d 534, 535 (Utah 1979).