**2024 UT App 130**

# THE UTAH COURT OF APPEALS

CHAD MADDOX,
Appellant,
*v.*
KATHLEEN WHETTON MADDOX,
Appellee.

Per Curiam Opinion
No. 20240490-CA
Filed September 12, 2024

Second District Court, Farmington Department
The Honorable Michael S. Edwards
No. 210700689

Rick Rose and Steven W. Call,
Attorneys for Appellant

Joseph E. Minnock and Lloyd R. Jones,
Attorneys for Appellee

Before JUDGES GREGORY K. ORME, RYAN M. HARRIS,
and RYAN D. TENNEY.

PER CURIAM:

¶1 Chad Maddox (Chad), as personal representative for the heirs of Phoenix Matias Maddox-Plante, seeks to appeal the district court's ruling, made on summary judgment, that only a primary liability insurance policy, and not an excess liability insurance policy, is available to cover any damages resulting from the automobile accident at the center of this case. The court memorialized that ruling in a signed minute entry that was issued immediately following a hearing held on August 25, 2023. But because that minute entry did not dispose of all the issues in the case, it was not a final order and thus not subject to immediate appeal as of right.

¶2 More than seven months later, on April 9, 2024, the court issued an order certifying its summary judgment ruling as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure. On May 1, Chad filed a notice of appeal, and he now asserts that his appeal is proper and timely under either of two different avenues for appeal of a non-final order. First, he asserts that this appeal is proper pursuant to rule 54(b). Second, and in the alternative, he asks us to construe his notice of appeal as a petition for interlocutory appeal, lodged pursuant to rule 5 of the Utah Rules of Appellate Procedure. Even though both parties urge us to take this appeal and decide the coverage issue now, we are unable to do so because the district court's rule 54(b) certification was improper and because Chad's attempt to mount a rule 5 interlocutory appeal from the summary judgment ruling is untimely. We therefore dismiss this appeal, without prejudice to the filing of a later appeal at the end of the case.

¶3 Generally, appeals may be taken only from final orders. *See* Utah R. App. P. 3; *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. "To be final, the trial court's order or judgment must dispose of all parties and claims to an action." *Bradbury*, 2000 UT 50, ¶ 10. "There are three exceptions to the final judgment rule: (1) when the legislature has provided a statutory avenue for appealing nonfinal orders; (2) when the appellate court grants a petition for interlocutory appeal; and (3) when a district court properly certifies an order as final under rule 54(b) of the Utah Rules of Civil Procedure." *Hillam v. Hillam*, 2022 UT App 24, ¶ 14, 507 P.3d 380 (cleaned up).

¶4 Proper rule 54(b) certification has three requirements: (1) "there must be multiple claims for relief or multiple parties to the action"; (2) "the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action"; and (3) the district court "must make a determination that there is no just reason for delay of the appeal." *Id*. ¶ 16 (cleaned up). With respect to the

third requirement, the district court must enter specific findings supporting the conclusion that the certified order is final. *See id*. ¶ 17. "[T]hese findings must detail the lack of factual overlap between the certified and remaining claims, and they should also advance a rationale as to why there is no just reason for delay." *Id*. (cleaned up).

¶5 The district court's April 9, 2024 order does not satisfy the criteria set forth in *Hillam*, for two reasons. First, the court's ruling on the coverage issue did not adjudicate "one or more but fewer than all of the claims or parties" involved in the case. *See* Utah R. Civ. P. 54(b). Chad asserts that the court's ruling had the effect of relieving the excess insurer of any potential liability in the case, and therefore dismissed "a true party in interest." But an insurer for one of the parties is not actually a party to the litigation and may not be joined as a real party in interest. *See Green v. Louder*, 2001 UT 62, ¶¶ 40–45, 29 P.3d 638. Thus, a ruling that the excess insurance policy is not applicable to cover damages in this case is not a ruling that resolves any party's claims in the case. Second, the district court's rule 54(b) certification order does not contain any findings that discuss the lack of factual overlap between the certified and remaining claims. That order simply recites that the parties have stipulated that immediate appeal of the coverage issue is warranted, and states that "[t]here is no just reason for delay" in appealing "because the coverage issue is critical for disposition of the case" given that "the central issue" in the case is "the amount of insurance available." For both of these reasons, the district court's attempt, in its April 2024 order, to certify its August 2023 ruling as final pursuant to rule 54(b) was improper.

¶6 In the alternative, the parties urge this court to construe Chad's May 1, 2024 notice of appeal as a petition for interlocutory appeal pursuant to rule 5(a) of the Utah Rules of Appellate Procedure. But we are unable to grant the parties' request, because Chad's May 2024 attempt to mount an interlocutory appeal from the August 2023 ruling is untimely.

¶7      Rule 5 requires that petitions for permission to appeal from interlocutory orders be filed "within 21 days after the entry of the trial court's order" being challenged. Utah R. App. P. 5(a). And this rule is one of the few that we are not allowed to "suspend" in extraordinary circumstances. *See id.* R. 2. Thus, any attempt to mount an interlocutory appeal from the court's August 25, 2023 ruling needed to have been filed no later than September 15, 2023. Chad's attempt to do so in May 2024 is months too late.

¶8      Chad resists this conclusion by directing our attention to language in rule 5(a) that provides, in relevant part, that "[a] timely appeal from an order certified under Rule 54(b), Utah Rules of Civil Procedure, that the appellate court determines is not final may, in the appellate court's discretion, be considered by the appellate court as a petition for permission to appeal an interlocutory order." *Id.* R. 5(a). But this language refers to an "appeal from an order certified under Rule 54(b)," and not to an appeal from a rule 54(b) certification order. There is a difference, conceptually, between these two things—the "order certified under Rule 54(b)" is the underlying order containing the ruling that is to be challenged on appeal, and that order will not always contain a certification, pursuant to rule 54(b), that it is to be considered final for purposes of appeal.

¶9      It is certainly possible for a ruling to be certified as "final" under rule 54(b) in the same order that sets forth the ruling itself, and when this occurs, we are—as long as the notice of appeal was filed within 21 days of the target order—able to entertain requests to convert an appeal involving improper rule 54(b) certification into a timely petition for interlocutory appeal. But in many cases, the rule 54(b) certification appears in a second order that is separate from the order containing the ruling itself, and in such cases, the rule 54(b) certification order is often entered more than 21 days after the order containing the ruling that the party wishes to challenge on appeal. When this occurs, we cannot entertain requests to convert appeals involving improper rule 54(b)

certification orders into petitions for interlocutory appeal, because such "petitions" are not filed within 21 days of the order being challenged and are therefore untimely. And that is the case here.

¶10　Thus, because rule 54(b) certification is improper, and because Chad's putative "petition" for permission to mount an interlocutory appeal is untimely, we have no jurisdiction to entertain Chad's appeal. We therefore dismiss the appeal, without prejudice to the filing of a later appeal at the end of the case.

_____